THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

LEWIS GOLI NKER,                          )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )     Civil Action No. 08-CV-00763 (RMU)
                                          )
U.S. OFFICE OF PERSONNEL                  )
MANAGEMENT                                )
                                          )
                    Defendant.            )
_____)

## DEFENDANT'S ANSWER

The Office of Personnel Management ("OPM") hereby answers the Complaint of Lewis Golinker as follows:

### Introduction

1. OPM admits the first sentence. OPM denies plaintiff's characterization of its approval of Federal Employees Health Benefits Program ("FEHBP") contracts in the second sentence, but admits that OPM has approved health benefits contracts, some of which do not include coverage for speech generating devices ("SGDs"). OPM admits the allegation in the third sentence of the Complaint. OPM lacks sufficient information or knowledge to admit or deny the allegations in the fourth and fifth sentences.

2. The first sentence in paragraph 2 of the Complaint is plaintiff's characterization of other agencies' opinions regarding the importance of SGDs to which no response is required. OPM further avers that it lacks sufficient information to admit or deny the allegations in the first sentence. OPM lacks sufficient information to admit or deny the allegations in the second sentence. The third sentence reflects plaintiff's characterizations and opinions about SGDs and OPM's approval of FEHBP contracts

which do not cover these devices to which no response is required.  To the extent that a response is required, OPM denies the allegations in the third sentence.

3.  OPM admits the first and second sentences in paragraph 3 of the Complaint. The third sentence is a characterization of the nature of plaintiff's action to which no response is required.

## Jurisdiction

4. This paragraph contains plaintiffs' conclusions of law regarding the scope and extent of the Court's jurisdiction and the proper venue, to which no answer is required.

## Parties

5.  OPM lacks sufficient knowledge or information to admit or deny the allegations in paragraph 5.

6.  OPM admits the allegations in paragraph 6.

## Statutory Background

7-9.  Paragraphs 7 through 9 contain legal characterizations of the FEHBP and OPM's authorities under that program to which no answer is required.  The Court is respectfully referred to the relevant statutory provisions for the FEHBP.  *See* 5 U.S.C. §§ 8901-8914.

10-13.  Paragraphs 10 through 13 contain legal characterizations of the Freedom of Information Act ("FOIA") to which no answer is required.  To the extent that the averments in paragraphs 10 through 13 of the Complaint consist of plaintiff's assertions as to the legal nature and statutory basis of his claims, OPM asserts that they are conclusions of law to which no response is required.

**Facts**

14.  OPM admits the allegations in paragraph 14.

15.  OPM admits the allegations in paragraph 15.

16.  OPM admits the allegations in paragraph 16.

17.  OPM admits the allegations in paragraph 17.

18.  OPM admits the allegations in paragraph 18.

19.  OPM admits the allegations in paragraph 19.

**Claim**

20.  OPM's restates and incorporates by reference its responses to paragraphs 1-19 of the Complaint.

21.  The averments set forth in paragraph 21 of the Complaint are conclusions of law to which no response is required.

**Relief Requested**

OPM avers that the allegations contained in paragraph 1 through 5, following paragraph 21 of the Complaint, starting with "WHEREFORE," constitute plaintiff's prayer for relief to which no answer is required.  However, to the extent that the aforementioned paragraph may be deemed to contain allegations of fact, those facts are denied.

OPM specifically denies all allegations of plaintiff's Complaint not otherwise answered herein.  In addition, OPM denies that plaintiff is entitled to the relief sought in its Relief Requested, or to any relief whatsoever.

WHEREFORE, defendant requests that plaintiff's prayer for relief be denied, that this action be dismissed with prejudice, and that defendant be awarded its costs and such

other relief as the Court may deem appropriate.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-616-5309
June 18, 2008                        harry.roback@usdoj.gov